**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-10-485 |
| | § | |
| MARCUS ALLEN BROWN, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582**

Pending before the Court is Defendant Marcus Brown's (Brown) motion for sentence reduction pursuant to 18 U.S.C. § 3582. D.E. 25. For the reasons set forth herein, the Court concludes that Brown is not entitled to relief.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On May 26, 2010, Brown was charged with possession with intent to distribute more than 5 grams of a mixture or substance containing cocaine base (also known as crack cocaine), approximately 27.19 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). D.E. 1. Brown pled guilty pursuant to a written plea agreement. D.E. 11.

The PSR calculated Brown's offense level at 26 based upon the quantity of drugs seized. Two points were added for his possession of a firearm and he was given credit for acceptance of responsibility for a total offense level of 25. Brown's criminal history included two felony and two misdemeanor convictions totaling 8 points for a criminal history category of IV. The sentencing range was 84-105 months.

Sentencing was held on November 4, 2010. The Court found the correct offense level was 23 pursuant to the sentencing guidelines that took effect on November 1, 2010, which reduced Brown's guideline range to 70-87 months. The Court sentenced Brown to 70 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release and a $100 special assessment. D.E. 23. Judgment was entered on the docket on November 5, 2010. Id.

Brown now seeks a reduction in his sentence as a result of a change in the sentencing guidelines that he claims is retroactive. He claims that there is no longer a mandatory minimum sentence for simple possession of crack cocaine. D.E. 25. He also cites the Fair Sentencing Act.

## II.  ANALYSIS

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine necessary to trigger minimum statutory sentences. Brown was convicted of possession *with intent to distribute* 27.19 grams of cocaine base (not simple possession as he alleges) which triggered a 5 year minimum statutory sentence in 2010. 21 U.S.C. § 841(b)(1)(B). The Fair Sentencing Act amended § 841(b)(1)(B), and the new statutory minimum sentence of 5 years applies to possession with intent to distribute more than 28 grams of crack cocaine. The  new statutory minimum sentence of 5 years would not apply to the amount of crack cocaine possessed by Brown. Brown claims entitlement to the new statutory regime and requests that his sentence be reduced. Brown fails to recognize that his sentence was not solely a result of the minimum statutory sentence of five years. His sentencing range was calculated based upon the new

guidelines and as a result, his guideline range does not change under the Fair Sentencing Act.

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, — U.S. ----, 130 S. Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582(c). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. United States v. Ross, 557 F.3d 237,  238 (5th Cir. 2009); 18 U.S.C. § 3582(c). Because the sentencing range applicable to Brown is unchanged and his sentence was based upon the guideline range, not the statutory minimum sentence, the Court is not authorized to reduce his sentence either pursuant to § 3582(c) of the Fair Sentencing Act and United States v. Dorsey, — U.S. ----, 132 S.Ct. 2321, 2335-36 (2012).

## III.  CONCLUSION

For the reasons stated, Marcus Allen Brown's motion for sentence reduction  (D.E. 25) is DENIED.

It is so ORDERED this 5th day of July 2013.

_Hayden Head_

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE